724 F.Supp. 1027 (1989)
NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, et al., Plaintiffs
v.
NATIONAL FOOTBALL LEAGUE, et al., Defendants.
Civ. No. 86-1918 (AER).
United States District Court, District of Columbia.
September 18, 1989.
Joseph Yablonski, Yablonski, Both & Edelman, Washington, D.C., for plaintiffs.
John Schafer, Covington & Burling, Washington, D.C., for defendants.

MEMORANDUM
AUBREY E. ROBINSON, Jr., Chief Judge.
This action is brought by the National Football League Players Association ("the NFLPA"). On August 28, 1989, Judge Thomas Hogan heard and denied Plaintiffs' application for a temporary restraining order. The action is now before the Court on Plaintiffs' motion for a preliminary injunction. The parties having briefed the matter extensively, the Court heard oral argument on September 14, 1989.
The action the Players seek to enjoin is the National Football League's ("the League's") policy, already in effect, to subject all players to periodic urine testing for the presence of anabolic steroids or steroid masking agents, and to suspend those players testing positive for a period of thirty days. Indeed, immediately after Judge Hogan declined to issue a temporary restraining order, the League publicly announced the results of its steroid testing program and suspended a number of players for the thirty day period.
The NFLPA has filed a grievance, and the parties have agreed to expedited arbitration. Pending that arbitration, by its motion the NFLPA asks this Court to restore the suspended players to active status and to order the League to refrain from the further suspension of players on the basis of steroid testing. For the reasons below, the Court believes the circumstances presented do not warrant intervention by the federal courts, and therefore denies Plaintiffs' motion for preliminary injunction.
*1028 The clear congressional policy against judicial interference in labor disputes, as expressed in the Norris-LaGuardia Act, 29 U.S.C. §§ 101-115, poses a formidable obstacle to Plaintiffs' request. See Buffalo Forge Co. v. United Steel Workers, 428 U.S. 397, 410-11, 96 S.Ct. 3141, 3148-49, 49 L.Ed.2d 1022 (1976). Nonetheless, Plaintiffs point to the fairly well-settled exception to that law's proscriptions that the Court may issue an injunction pending arbitration, assuming the usual equitable requirements are met, where the "integrity of the arbitration process would be threatened absent interim relief." International Bhd. of Elec. Workers v. Potomac Elec. Power Co., 634 F.Supp. 642, 643 (D.D.C. 1986).[1]
Unfortunately, the record simply does not present the kind of irreparable harm to the players which would support an injunction. As was recognized in the PEPCO case, temporary loss of employment will typically not threaten the integrity of a future arbitration, "since back pay and re-instatement can in most instances provide complete relief." Id. at 643. The Court is convinced that is precisely the case here. Though perhaps the suspensions were untimely, occurring simultaneously with mandatory team roster cuts, the fact remains that they last only thirty days. Plaintiffs argue that the suspended players' skills, reputations, and professional careers will suffer irreversibly from the League's actions. However, players return routinely from extended absences due to injury or suspension on other grounds to play and to play well. In addition, while the other interests Plaintiffs cite are indeed important, their loss is measured and compensated by the courts everyday.
In sum, if the League's policy is an unjustified breach of contract, the resulting injury to the players is not so irreparable "that a decision of the [arbitrator] in the union's favor would be but an empty victory," Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas Railroad, 363 U.S. 528, 534, 80 S.Ct. 1326, 1330, 4 L.Ed.2d 1379 (1960), or a "hollow formality," Nursing Home & Hosp. Union v. Sky Vue Terrace, 759 F.2d 1094, 1098 (3d Cir. 1985). The arbitrable process will neither be frustrated nor vitiated absent an injunction. For that reason alone, preliminary equitable relief is not justified under the "narrow exception" to the Norris-LaGuardia Act's anti-injunction policies. Plaintiffs' motion is therefore denied.
NOTES
[1] See also Boys Markets, Inc. v. Retail Clerks Union, 398 U.S. 235, 254, 90 S.Ct. 1583, 1594, 26 L.Ed.2d 199 (1970); Nursing Home & Hosp. Union No. 434 v. Sky Vue Terrace, Inc., 759 F.2d 1094, 1098 (3d Cir.1985); International Ass'n of Machinists and Aerospace Workers v. Panoramic Corp., 668 F.2d 276, 283 (7th Cir.1981).