# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MEYER J. PERSOW,         )
         )
       Plaintiff,       )
         )
      v.         ) Civil Case No. 09-1216 (RJL)
         )
JOHN GAGE, President, AFGE,   )
         )
      Defendant.     )
         )

## MEMORANDUM ORDER

The plaintiff, Meyer Persow ("plaintiff"), proceeding *pro se*, seeks a preliminary injunction[1] prohibiting the defendant ("defendant"), President of the American Federation of Government Employees ("AFGE"), from suspending him from his position as President of AFGE Local 32 *before* conducting a hearing, as required by AFGE's constitution.[2]

"A movant may obtain a preliminary injunction only if it is able to demonstrate: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest." *TD Int'l, LLC v. Steven K. Fleischmann*, 639 F. Supp. 2d 46, 48 (D.D.C. 2009).

---

[1]Plaintiff originally sought a Temporary Restraining Order ("TRO"), and this Court held a hearing on the TRO request on July 6, 2009, at which point plaintiff stated he was no longer seeking a TRO, but a Preliminary Injunction.

[2]On August 3 and 4, 2009, AFGE held a hearing regarding the various charges levied against him, and, on October 1, 2009, issued its decision to remove plaintiff from office.

At the preliminary injunction hearing on July 21, 2009, however, plaintiff acknowledged that notwithstanding his temporary suspension he could be reinstated to the presidency of Local 32 after AFGE conducted a full and fair hearing into the charges against him, and effectively conceded that he was not being deprived of any rights, income, or benefits during his suspension from office. As a result, the Court finds that plaintiff has failed to establish the irreparable harm necessary to receive the extraordinary injunctive relief he now seeks. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 724 F. Supp. 1027, 1027–28 (D.D.C. 1989) (declining to grant preliminary relief to professional football players who alleged damage to their "skills, reputations, and professional careers" as a result of their temporary suspension pending arbitration under the steroid testing program); *see also Smith v. Harvey*, No. 06-1117, 2006 WL 2025026 *2 (July 17, 2006 D.D.C.) ("[I]t is unclear that Smith could show irreparable harm because the flag [on Smith's personnel file] represents only a suspension of various favorable personnel actions from taking effect, not a permanent deprivation.").

Thus, as plaintiff has not established irreparable harm, a necessary element of preliminary relief, it is, this _20th_ day of November, 2009, hereby

ORDERED that Plaintiff's Motion for Preliminary Injunction [#3] is hereby DENIED.

SO ORDERED.

RICHARD J. LEON
United States District Judge

2